NO. 8821

COURT OF APPEAL

PARISH OF ORLEANS

------

AMERICAN TRADING CO.

versus

UNITED FRUIT CO.

------

Court of Appeal,
Parish of Orleans

8821

------

175

Dinkelspiel; J.

Plaintiff institutes this suit against the defendant, alleging that he shipped through the Steamship Parismina, April 1st, 1920, one case of hardware, marked "A. T. Co. No. 4, Colon", and that defendant issued to plaintiff a bill of lading covering this shipment. Aksgg Alleging further that the case of hardware delivered to the defendant company was never delivered to plaintiff up to the time of the institution of this suit, and that the value thereof was $221.02. That plaintiff filed claim with defendant company for his loss and furnished an itemized statement, said claim being acknowledge by defendant and although amicable demand had been made defendant refused to pay the amount due, hence this suit.

Defendant in its answer admits that on April 20th, 1920, it accepted said goods belonging to plaintiff, which included one case of hardware for shipment from New Orleans to Colon, through the Steamship Parismina; further the defendant contends that said shipment was accepted subject to the terms and conditions of the bill of lading issued by it covering said shipment, same being dated on April 20th, 1920, and being to the order of the shipper, consigned to plaintiff, and that the terms and conditions of said bill of lading were well known to and consented to by the plaintiff Alleging further that the shipment was made subject to the terms and conditions contained in the bill of lading issued therefor, and without quoting from same it appears that the claim of plaintiff unless presented in writing within thirty days after delivery of the goods to the initial carrier thereon, nor unless suit therefor is commenced within six months after delivery of the goods to the initial carrier and the lapse of such period shall be deemed a complete bar to recovery in any such suit ax and notwithstanding. the carrier would be a non resident af or a foreign corporation,

177

nothing shall be deemed a waiver of the conditions of this article, except an express written waiver signed by the carrier. And defendant avers that no suit for loss of said shipment was brought within six months after the delivery of the goods to defendants; hence plaintiff is barred from any recovery whatsoever. Defendant tendered to plaintiff the sum of Sixteen Dollars, alleging that no further recovery can be had for the reason that no valuation was cited in said bill of lading xxxx other than the sum of eight dollars per cubic foot, as provided in the paragraph above quoted, and that said goods did not occupy more than two cubic feet. Wherefore prays that there be judgment in favor of defendant, dismissing plaintiff's suit at its cost.

The issues of fact presented in this case are virtually admitted, but the question presents itself, first, as to whether or not defendants undertook directly or indirectly to arrange settlement with plaintiff and lulled plaintiff to sleep or mislead plaintiff in promising settlement of his claim.

A careful examination of this record convinces us that there is nothing serious in this/ contention.

A claim of loss was not made known to the defendant company for sometime after the loss was sustained and subsequent to the / prescription period, which in this case was six months. Mr. Ellis, the Vice President of the Company, through his letters endeavored in a friendly way to intercede with the company's officers in New York to allow some damage for the loss of the shipment. In this he failed, which fact was known to plaintiff. It was in no spirit of waiver that Mr. Ellis undertook to get, after the claim had been / prescribed something more from the company than they were willing to allow. Hence we are of the opinion that the plaintiff's xxx claim took effect as above stated; that Mr. Ellis or his company acknowledged an indebtedness has not been proven to our satisfaction/

The authorities are uniform and we quote them:

Civil Code. On the Privileges on Debts and Merchandise.

Art. 3237, Sec. 11. The amount of damage due to freighters for the failure in delivering goods which they have shipped are for the                reimbursement of damages sustained by the goods through the fault of the captain or crew.

An agreement fixing a limit of six months within which to commence an action against the carrier for damage done to a shipment is not unreasonable. It is in accord with the spirit if not the letter of the Civil Code, which provides that the privilege granted upon debts for the damage done to cargoes shall be prescribed in six months.

Caraway vs. Insurance Co. 25 An. 298.

Edson vs. Insurance Co. 35 An. 353.

A clause in a contract between individuals neither being under any obligation to serve the other, limiting the time within which suits may be commenced upon a cause of action for the amount of said contract is not contrary to law or public policy.

Bordelon vs. La. Ry. & Navigation Co. 12 Ct. of App. 405.

A plea of prescription is valid and will be maintained when the facts justify its application in support of a stipulation in the accident policy that no suit shall be ~~brxxghtxxxgx~~ brought nor action commenced after two years from the time when the right of action shall occur.

Clara Martin vs. National Life and Accident Insurance Co. No. 8580 Ct. of App.

One who pleads estoppel must show that he was mislead to his prejudice by the act or conduct upon which he/seeks to found the estoppel.

Gallagher vs. Conner, 138 La. 649.

The next contention made by plaintiff in its brief was that the Federal Statutes 1920, that it shall be unlawful for any

179

such common carrier to provide by rule, regulation or otherwise, a shorter period for giving notice of claims than ninety days, for the filing of claims tkxx four months and for the institution of suits two years, such period for institution of suits to be computed from the day tm when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice.

The act referred to in our opinion does not apply to the case we are deciding, for the reason that the shipment in question was made wholly by water, and that the act in question xxxkmx refers to shipments by rail and possibly shipments by ral and water combined. It is beyond question that in this case the defendant is a carrier wholly by water and whilst this question has not been squarely presented to any courts so far as we know in the United States, there have been issues which to some effect have construed the act as we contend.

Armour Packing Co. vs. U. S. 309 U. S. 56, 78.

We further find that the Act of Congress does not avoid the public policy of this State; hence in our opinion no application to the issues in this case.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby annulled, avoided and reversed, and that there now be judgment for the defendant, plaintiff to pay costs in both Courts.

Judgment reversed and annulled and judgment
in favor of defendant.